**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Zicam Cold Remedy Marketing, Sales Practices, and Products Liability Litigation. | No. 09-md-2096-PHX-FJM |
| THIS DOCUMENT RELATES TO: | **ORDER** |
| Pages-Rangel v. Zicam, LLC, et al., CV-10-0376-PHX-FJM; | |
| Quinones-Rodriguez, et al. v. Botanical Laboratories, Inc., et al., CV-10-1174-PHX-FJM. | |

The court has before it plaintiffs Luis Quinones Rodriguez and Brunilda Diaz Lugo's motion to set aside dismissal with prejudice (Case No. 10-CV-1174, doc. 11), plaintiff Fernando Pages-Rangel's motion to set aside dismissal with prejudice (Case No. 10-CV-0376, doc. 18), defendants' responses (docs. 12, 19, respectively), and plaintiffs' motions for leave to file reply brief and proposed replies (docs. 14, 21, respectively). Plaintiffs are not required to obtain leave to file a reply, therefore the motions for leave to file are denied as moot (Case No. 10-CV-1174, doc. 14; Case No. 10-CV-0376, doc. 21). The clerk is instructed to docket the lodged reply briefs.

We designated lead plaintiffs' counsel for the personal injury plaintiffs in this multi-district litigation. Among other responsibilities, Lead Counsel was authorized to "conduct settlement negotiations on behalf of Plaintiffs." (Case No. 09-md-2096, doc. 182). Lead

1  Counsel ultimately executed a Settlement Agreement on behalf of the parties. Individual
2  plaintiffs who wished to participate in the settlement were required to "opt in" and allow their
3  claims to be resolved through the settlement program. Moving plaintiffs voluntarily joined
4  the master settlement, thus agreeing to participate in the claims allocation program. In
5  addition, the Settlement Agreement required each individual who joined the settlement to
6  execute a general release of claims before settlement funds could be distributed. Moving
7  plaintiffs each executed releases. On July 8, 2011, we dismissed with prejudice each of the
8  settled claims, noting that the "claims administration process that the parties have chosen is
9  not part of this MDL," and that any challenges to the settlement process must therefore be
10 resolved by an independent action. (Case No. 10-CV-0376, doc. 16; Case No. 10-CV-1174,
11 doc. 8). Nevertheless, after final allocations were made under the settlement program,
12 plaintiffs filed these motions seeking to set aside the dismissals of their cases, arguing that
13 the settlement agreement is unenforceable because it is vague, unreasonable, unconscionable
14 and lacks essential terms.

15 Final judgment was entered in each of the settled member cases. Plaintiffs' belated
16 challenges to the settlement agreement do not revive their extinguished claims. Plaintiffs
17 have failed to establish any grounds for relief from final judgment. See Fed. R. Civ. P. 60(b).
18 This MDL, as well as the settled member cases, are now closed.

19 Therefore, **IT IS ORDERED DENYING** as moot plaintiffs' motions for leave to file
20 a reply brief. (Case No. 10-CV-0376, doc. 21; Case No. 10-CV-1174, doc. 14; Case No. 09-
21 md-2096, doc. 1524).

22 **IT IS FURTHER ORDERED DENYING** plaintiffs' motions to set aside the
23 dismissal. (Case No. 10-CV-0376, doc. 18; Case No. 10-CV-1174, doc. 11).

24 DATED this 20th day of October, 2011.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

- 2 -